UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-21276-CIV-UNGARO/O'SULLIVAN

ANGELA VAZQUEZ
and TOP REALTORS, INC.,

    Plaintiff,

v.

4011 PROFESSIONAL
CENTER CONDO, INC.,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on the Defendant's, 4011 Professional Center Condo, Inc.'s, Motion to Compel Plaintiff Top Realtors to Provide Better Answers to Defendant's First Request for Production and Interrogatories (DE # 15, 7/24/07) and the Defendant's, 4011 Professional Center Condo, Inc.'s, Motion to Compel Plaintiff Angela Vazquez to Provide Better Answers to Defendant's First, Supplemental, and Second Request for Production and First and Second Interrogatories (DE # 14, 7/24/07).  Having reviewed the applicable filings and law and Counts I, III, and IV of this lawsuit having been remanded to State Court, it is

ORDERED AND ADJUDGED, that the Defendant's, 4011 Professional Center Condo, Inc.'s, Motion to Compel Plaintiff Top Realtors to Provide Better Answers to Defendant's First Request for Production and Interrogatories (DE # 15, 7/24/07) is DENIED as moot.  It is further

ORDERED AND ADJUDGED that the Defendant's, 4011 Professional Center Condo, Inc.'s, Motion to Compel Plaintiff Angela Vazquez to Provide Better Answers to Defendant's First, Supplemental, and Second Request for Production and First and Second Interrogatories (DE # 14, 7/24/07) is DENIED without prejudice to re-file.

On July 30, 2007, the portions of this lawsuit that dealt with the plaintiff's alleged accident were remanded to State Court (DE # 18). The defendant's Motion to Compel relates in part to the documents relevant to the plaintiff's alleged accident. In addition the defendant has failed to abide by S.D.Fla.L.R. 26.1 H. 2 which states:

> *Motions to Compel.* Except for motions grounded upon complete failure to respond to the discovery sought to be compelled or upon assertion of general or blanket objections to discovery, motions to compel discovery in accordance with Federal Rules of Civil Procedure 33, 34, 36 and 37, . . . shall, for each separate interrogatory, question, request for production . . . state: (a) verbatim the specific item to be compelled; (b) the specific objections; (c) the grounds assigned for the objection (if not apparent from the objection); and (d) the reasons assigned as supporting the motion as it relates to that specific item. The party shall write this information in immediate succession (e.g., specific request for production, objection, grounds for the objection, reasons to support motion; next request for production, objection, grounds for the objection, reasons to support the motion; and so on) to enable the Court to rule separately on each individual item in the motion.

The defendant has failed to abide by the aforementioned Local Rule and many of the disputed discovery requests do not appear to relate to the remaining American with Disabilities Act Claim. The defendant's Motion is denied with leave to re-file in proper form and scope if necessary.

DONE and ORDERED, in chambers, in Miami, Florida, this 21st day of August, 2007.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Ungaro
All counsel of record