UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| ANGELA VAZQUEZ and | : | CASE NO. 07-21276-CIV-UNGARO |
| TOP REALTORS, INC., | : | |
| | : | Magistrate Judge O'Sullivan |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| 4011 PROFESSIONAL CENTER | : | |
| CONDO., INC., | : | **PLAINTIFF's NOTICE OF FILING** |
| | : | **EXHIBITS 1-3 TO PLAINTIFF's** |
| Defendant. | : | **STATEMENT OF FACTS** |
| _____/ | | |

Plaintiff, through counsel, files Exhibits 1 - 7 to Exhibit A attached to Plaintiff's Statement Of Facts, and states:

<u>See</u> attached.

Respectfully submitted,

LAWRENCE J. McGUINNESS, P.A.
Counsel for Plaintiffs
5805 Blue Lagoon Dr., Suite 145
Miami, Florida 33126
Phone No. (305) 264-5611
Fax No. (305) 264-5617
ljmpalaw@netzero.com


s/ Lawrence J. McGuinness (814611)
E. ljmpalaw@netzero.com

-1-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that: I electronically filed the foregoing document with the Clerk of the Court using CM/ECF; and that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service in the manner specified, either via transmission of the Notices of Electronic Filing generated by the CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing, this March 7, 2008.

### Service List

Miguel de la O, Esq.
3001 S.W. 3rd Ave.
Miami, Fl 33129

LAWRENCE J. McGUINNESS, ESQ.
ljmpalaw@netzero.com
5805 Blue Lagoon Dr., Suite 145
Miami, Florida 33126

EXHIBIT

# SETTLEMENT AGREEMENT
# FOR ADA TITLE III CLAIMS

That **ADVOCATING DISABILITY RIGHTS, INC. & CARLISLE WILSON** (hereafter collectively referred to as "Plaintiffs"), after consulting with counsel, for and in consideration of the sum of Ten (110.00) Dollars and other good and valuable consideration received from or on behalf of **4011 PROFESSIONAL CENTER CONDOMINIUM, INC.** (hereinafter referred to as "Defendant"), the receipt whereof is hereby acknowledged,

**WITH RESPECT TO ALL MATTERS THAT RELATE TO SAID LAWSUIT AND TO TITLE III OF THE ADA, PLAINTIFFS DO HEREBY** remise, release, acquit, satisfy and discharge Defendant related in any manner to the following, which may hereafter be collectively referred to as "the Matters":

(A)  The Complaint in that ADA Title III lawsuit, which upon the parties signing this agreement will be dismissed, filed by Plaintiffs against Defendant in the District Court, Case No. 01-5154-CIV-HIGHSMITH (hereafter referred to as the "Lawsuit");

(B)  All claims for ADA Title III violations relating to the improved real property (the "Property") described in the Lawsuit; and

(C)  Any representations, warranties, omissions or any statements or acts or actions of any nature whatsoever which relate to those matters described in Paragraphs (A) through (B), above; made by Defendant or by any agents, employees, or attorneys of Defendant.

As specific consideration for entering into this Settlement Agreement For ADA Title III Claims, the parties agree as follows:

..  Within 24 months of entering into this Settlement Agreement (or some greater period if needed due to permitting issues), Defendant will make the following alterations and/or improvements to the Property:

1.  Parking– Defendant will add 1 disabled parking place with appropriate signage.

2.  Entrance – Defendant will modify its entrance with either a ramp or a lift.

3.  Bathrooms – The Property agrees to add a single unisex disabled bathroom to the floor of its choice, with appropriate signage. Defendant will place signs (see Seton.Com) at each floor advising tenants/visitors of the location of that unisex disabled bathroom.

-1-



EXHIBIT
I

EXHIBIT "A"

d.   Elevator - The Property agrees to modify its elevator
     with a standard disability improvement package from the
     elevator service company.

e.   Drinking Fountain - The Property agrees to remove all
     drinking fountains.

f.   Exterior Door Handles - The Property agrees to add lever
     handles on all exterior office doors, the unisex disabled
     bathroom and emergency exits with knob hardware.

2.   Within three (3) days after Defendant receives (by fax or
     by U.S. mail) the signed Notice of Dismissal from
     Plaintiffs or this Settlement Agreement executed by
     Plaintiffs (which ever occurs first), Defendant will pay
     $3,000.00 to Plaintiffs for their fees and costs, payable
     to "Lawrence J. McGuinness, P.A. Trust Account."  Such
     fees and costs include any subsequent compliance inspec-
     tion and any assistance in the implementation of 1(a)-(f)
     above.

3.   The parties agree to keep the terms and conditions of
     this settlement confidential.

     The settlement fees and costs will not be disbursed until the
Court enters an Order dismissing the Lawsuit.   This Settlement
Agreement can be executed in counter-parts by the parties and shall
be enforceable if so executed.

     After having read the above with advice of counsel, Plaintiffs
and Defendant agree to the above-stated terms and conditions of
this Settlement Agreement and that the signatories to this
Settlement Agreement are fully authorized to bind themselves and/or
the applicable organizations that they represent.

For DEFENDANT 4011 PROF.            For ADVOCATING DISABILITY
CENTER CONDO., INC.                 RIGHTS, INC. & C. WILSON

By: _____                 By: _____
    05/17, 2002

-2-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 01-5154-CIV-HIGHSMITH

ADVOCATING DISABILITY RIGHTS, INC.,
a Florida not-for-profit
corporation, and CARLISLE WILSON,
Individually,

      Plaintiffs,

v.

4011 PROFESSIONAL CENTER
CONDOMINIUM, INC.,

      Defendant.

_____/



FILED by _____

MAY 3 0 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.- MIAMI

### FINAL ORDER OF DISMISSAL

THIS CAUSE is before the Court upon the parties' Stipulation of Dismissal, filed May 28, 2002.  THE COURT has considered the stipulation and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED that this cause is DISMISSED with prejudice.  The Court shall retain jurisdiction over this matter only to enforce the terms of the parties' settlement agreement. The parties shall each bear their own attorney's fees and costs. All pending motions not otherwise ruled upon are DENIED as MOOT. This case is CLOSED.

EXHIBIT
2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

DONE AND ORDERED in Chambers at Miami, Florida, this 29 day

of May, 2002.

SHELBY HIGHSMITH
UNITED STATES DISTRICT JUDGE

cc:  David E. Marko
     Lawrence J. McGuinness

-2-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

04 FEB 20 PH 2: 33

Case No.: 01-05154-CIV-HIGHSMITH

CLARENCE MADDOX
CLERK U. S. DIST. CT.
S.D. OF FLA - MIA

ADVOCATING DISABILITY
RIGHTS, INC. and CARLISLE
WILSON
                    Plaintiffs,

v.

4011 PROFESSIONAL CENTER
CONDOMINIUM, INC.,

_____ Defendant. /

45

### PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT

Plaintiffs, through counsel, file this Motion to Enforce the Settlement Agreement in the above-styled cause, and in support thereof state as follows:

1.      Plaintiffs filed this claim based on Defendant's failure to comply with Title III of the Americans with Disabilities Act of 1990 (the "ADA").

2.      Specifically, Plaintiff's alleged that Defendant's property failed to comply with various provisions of the American with Disabilities Architectural Guidelines (the "ADAAG") (e.g., inaccessible entrance, inadequate disabled bathroom facilities, etc.).

3.      Subsequent to the filing of the lawsuit, the parties entered into a settlement agreement (the "Settlement Agreement"), whereby Plaintiffs claims against Defendant pursuant to the ADA would be dismissed in consideration for the Settlement Agreement.

4.      As of this date, despite executing the Settlement Agreement, Defendant has failed to abide by the terms of the Settlement Agreement in that, notwithstanding



EXHIBIT
3



Defendant's agreement to comply with the various provisions of the ADAAG, as of this date, Defendant has failed and refused to abide by the terms of the Settlement Agreement.

5.  Based on the above, Defendant has breached the agreed to terms and conditions of the Settlement Agreement.

6.  Plaintiffs request oral argument and/or an evidentiary hearing on this matter so that Defendant can explain to the Court why it breached the terms of the Settlement Agreement.

7.  Alternatively, Plaintiffs request that this case be reopened so they can proceed with their claims against Defendant.

WHEREFORE, Plaintiffs request that the Court enter an Order enforcing the settlement of this matter and award Plaintiffs' their additional attorneys fees and costs, pursuant to the terms of the Settlement Agreement, for having to bring this motion.

## MEMORANDUM OF LAW

As a preliminary matter, federal common law is used to determine the scope and validity of settlement agreements in ADA Title III claims. See, Lobeck v. City of Riviera Beach, 976 F.Supp. 1460 (S.D. Fla. 1997). In order to enforce a settlement agreement, a moving party must:

a.  Establish a meeting of the minds or mutual assent to a definitive proposal; and

b.  Establish that the settlement agreement is sufficiently specific and mutually agreeable to all material terms.

See, Reed v. U.S., 717 F.Supp. 1511, 1514 (S.D. Fla. 1988). In order to determine if a

final settlement has been reached, this court uses an objective test to determine the party's intent. Id. A clear indication of such intent and mutual assent by the parties to settlement terms is a negotiated settlement agreement. Id. at 1515.

In the instant case, Plaintiffs and Defendant negotiated what had to be done to bring the subject property into compliance with the ADAAG. Based on that agreement, which was signed by Defendant's representative, Plaintiffs filed their Notice of Dismissal.

Federal common law has established that a settlement agreement is an enforceable contract between the parties to the underlying litigation. See, Key v. AllState Ins. Co., 90 F.3d 1546, 1549 (11th Cir. 1996); Hall v. Burger King Corp., 912 F.Supp. 1509, 1520 (S.D. Fla. 1995). Moreover, this Court favors compromise and settlement since it is in the best interest of the forums and the parties that there be an end to litigation. See Reed v. U.S., 717 F.Supp. 1511, 1514 (S.D. Fla. 1988). In Wonci v. Bailey, 752 F.2d 619, 620 (11th Cir. 1985), our Court of Appeal held that "[a]ssent to the terms of the agreement can be implied from the circumstances and conduct inconsistent with refusal of the terms raises a presumption of assent upon which the other party can rely." Furthermore, "[a]n attorneys' consent to the agreement is binding on his client." Here, Defendant's representative, through counsel, agreed to the settlement's terms.

## CONCLUSION

This Court has before it incontrovertible evidence that a settlement agreement was negotiated and concluded between Plaintiffs and Defendant. Defendant's unjustified and arbitrary refusal to comply with the terms of the Settlement Agreement evidences bad faith on the part of Defendant. Based on the foregoing, the Plaintiffs respectfully the Court reopen the case and grant oral argument, or specifically enforce the settlement agreement.

WHEREFORE, Plaintiffs, ADVOCATING DISABILITY RIGHTS, INC., a Florida not-for-profit corporation, and CARLISLE WILSON, Individually, pray this Honorable Court enter its order reopening this case and granting oral argument, or alternatively, specifically enforcing the Settlement Agreement by compelling Defendant to comply with the terms thereof.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished this date by U.S. Mail to: Miguel M. de la O, Esq., de la O & Marko, 3001 SW 3rd Avenue, Miami, Florida 33129.

Respectfully submitted this _19_ day of February, 2004.

THE LAW OFFICES OF WILLIAM D.
TUCKER, P.A.
Attorneys for Plaintiff
718 Northeast Second Avenue
Fort Lauderdale, FL  33304
Tel.: 954.453.4500
Fax: 954.453.4507

By: _____
DAVID M. SCOTT, Esq.
Fla. Bar No. 0132934