UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ANGELA VAZQUEZ and          :     CASE NO. 07-21276-CIV-UNGARO
TOP REALTORS, INC.,         :
                            :     Magistrate Judge O'Sullivan
          Plaintiffs,       :
                            :
vs.                         :
                            :
4011 PROFESSIONAL CENTER    :
CONDO., INC.,               :     **PLAINTIFF's NOTICE OF FILING**
                            :     **EXHIBITS 4-6 TO PLAINTIFF's**
          Defendant.        :     **STATEMENT OF FACTS**
_____/

        Plaintiff, through counsel, files Exhibits 1 - 7 to Exhibit A

attached to Plaintiff's Statement Of Facts, and states:

        See attached.


                        Respectfully submitted,

                        LAWRENCE J. McGUINNESS, P.A.
                        Counsel for Plaintiffs
                        5805 Blue Lagoon Dr., Suite 145
                        Miami, Florida 33126
                        Phone No. (305) 264-5611
                        Fax No. (305) 264-5617
                        ljmpalaw@netzero.com


                        s/ Lawrence J. McGuinness (814611)
                        E. ljmpalaw@netzero.com


                              -1-

## CERTIFICATE OF SERVICE

 I HEREBY CERTIFY that: I electronically filed the foregoing document with the Clerk of the Court using CM/ECF; and that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service in the manner specified, either via transmission of the Notices of Electronic Filing generated by the CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing, this March 7, 2008.

## Service List

Miguel de la O, Esq.
3001 S.W. 3rd Ave.
Miami, Fl 33129

LAWRENCE J. McGUINNESS, ESQ.
ljmpalaw@netzero.com
5805 Blue Lagoon Dr., Suite 145
Miami, Florida 33126

-2-

Mar 16 2004

CLARENCE  MADDOX
CLERK  U.S.  DIST.  CT.
S.D.  OF  FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 01-5154-Civ-Highsmith

ADVOCATING DISABILITY RIGHTS,
INC., a Florida not-for-profit corporation,
and CARLISLE WILSON, individually,

     Plaintiffs,

vs.

4011 PROFESSIONAL CENTER
CONDOMINIUM, INC.,

     Defendant.

_____/

### DEFENDANT'S *AMENDED*[1] RESPONSE TO
### PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT

Defendant, 4011 Professional Center Condominium, Inc., files this amended

response in opposition to Plaintiffs' Motion to Enforce Settlement Agreement, and states

as follows:

1.     Plaintiffs' motion is bereft of a single specific violation of the settlement

agreement. If Plaintiffs erase the Defendant's name from the caption on its motion, it

could replace it with any Defendants' name and the motion would not change one whit.

This Court should not countenance such boiler-plate pleading. There is simply no

---

[1] Defendant files this amended pleading for two reasons. First, the caption of the original Response to
Plaintiffs' Motion to Enforce Settlement Agreement incorrectly read "Defendant's Unopposed Motion for
Enlargement of Time to Respond to Plaintiffs' Motion to Enforce Settlement Agreement." Although the
caption was incorrect, the body of the response was correct. Second, certain facts have come to light
since the filing of the original response. At the time the original response was filed, counsel had been
unable to communicate with his client because of scheduling conflicts in counsel's calendar and his
client's calendar. Subsequently, counsel and is client have consulted, and there are additional facts that
this Court should consider in ruling on Plaintiffs' Motion to Enforce Settlement Agreement.

de la O & Marko
TELEPHONE 305/285-2000
3001 S W 3RD AVENUE MIAMI FLORIDA 33129



EXHIBIT
FACSIMILE 305/285-5555

12/RA

notice provided by Plaintiffs' motion that would allow Defendant to frame a cogent response to the accusations contained in the motion.

2.    Plaintiffs' motion is premature and untimely.  Paragraph 1 of the settlement agreement in this cause states:

> Within 24 months of entering into this Settlement Agreement (or some greater period if needed due to permitting issues), Defendant will make the following alterations and/or improvements to the Property.

Settlement Agreement at 1 (copy attached as Exhibit "A").  The settlement agreement was executed on May 17, 2002.  Consequently, even if no permitting issues arise, the earliest that Plaintiffs could seek to enforce the settlement agreement is May 17, 2004.

3.    Moreover, Defendant has been diligently working on making the necessary alterations to bring their building into compliance with the ADA and the Settlement Agreement.  Attached as Composite Exhibit "B" are various documents demonstrating Defendant's efforts to comply with the Settlement Agreement, including the contract it entered into with the architectural firm of RVD Architect, Inc., invoices for design work, and copies of checks paid to the architectural firm for its services.

4.    This Court should either strike or deny this motion for failure to make any allegations specific to the Defendant.  It should deny the motion as premature and untimely, and should sanction counsel for filing a patently frivolous motion.

WHEREFORE, the Defendant, 4011 Professional Condominium Center, Inc., respectfully requests that this Court enter an order striking or denying the Plaintiff's Motion to Enforce the Settlement Agreement.

**de la O & Marko**
3001 S.W. 3RD AVENUE, MIAMI, FLORIDA 33129

Case 1:07-cv-21276-AMS   Document 65   Entered on FLSD Docket 03/07/2008   Page 5 of 39

Case 1:01-cv-05154-SH    Document 12    Entered on FLSD Docket 03/16/2004    Page 3 of 25
Page 3 of 3                                                        Case No. 01-5154-Civ-Highsmith

Respectfully submitted,

**DE LA O & MARKO**
Attorneys for Defendant(s)
3001 S.W. 3rd Avenue
Miami, Florida 33129
Telephone: (305) 285-2000
Facsimile:  (305) 285-5555

By:_____
    **Miguel M. de la O**
    Florida Bar No. 0822700
    delao@delao-marko.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered

by U.S. Mail and facsimile, this 16th day of March, 2004, to David M. Scott, Esq.,

Counsel for Plaintiffs, Law Offices of William D. Tucker, P.A., 718 N.E. Second Avenue,

Fort Lauderdale, Florida 33304 (facsimile – 954.453.4507).

_____
Miguel M. de la O

05/16/2002 10:48 FAX 13052855555          DE LA O & MARKO                              ☐002

05/14/2002  15:01    32544, .J50                                             PAGE  02/03

# SETTLEMENT AGREEMENT
# FOR ADA TITLE III CLAIMS

That **ADVOCATING DISABILITY RIGHTS, INC. & CARLISLE WILSON** (hereafter collectively referred to as "Plaintiffs"), after consulting with counsel, for and in consideration of the sum of Ten (:10.00) Dollars and other good and valuable consideration received from or on behalf of **4011 PROFESSIONAL CENTER CONDOMINIUM, INC.** (hereinafter referred to as "Defendant"), the receipt whereof is hereby acknowledged,

**WITH RESPECT TO ALL MATTERS THAT RELATE TO SAID LAWSUIT AND TO TITLE III OF THE ADA, PLAINTIFFS DO HEREBY** remise, release, acquit, satisfy and discharge Defendant related in any manner to the following, which may hereafter be collectively referred to as "the Matters":

(A)  The Complaint in that ADA Title III lawsuit, which upon the parties signing this agreement will be dismissed, filed by Plaintiffs against Defendant in the District Court, Case No. 01-5154-CIV-HIGHSMITH (hereafter referred to as the "Lawsuit");

(B)  All claims for ADA Title III violations relating to the improved real property (the "Property") described in the Lawsuit; and

(C)  Any representations, warranties, omissions or any statements or acts or actions of any nature whatsoever which relate to those matters described in Paragraphs (A) through (B), above; made by Defendant or by any agents, employees, or attorneys of Defendant.

As specific consideration for entering into this Settlement Agreement For ADA Title III Claims, the parties agree as follows:

..  Within 24 months of entering into this Settlement Agreement (or some greater period if needed due to permitting issues), Defendant will make the following alterations and/or improvements to the Property:

1.  Parking— Defendant will add 1 disabled parking place with appropriate signage.

2.  Entrance – Defendant will modify its entrance with either a ramp or a lift.

3.  Bathrooms – The Property agrees to add a single unisex disabled bathroom to the floor of its choice, with appropriate signage.  Defendant will place signs (see Seton.Com) at each floor advising tenants/visitors of the location of that unisex disabled bathroom.

-1-

LAWRENCE J. McGUINNESS, P.A., 782 N.W. Le Jeune Road, Suite 350, Miami, Florida 33126

**EXHIBIT** "A"

05/16/2002 10:49 FAX 13052855555          DE LA O & MARKO

05/14/2002  15:01    3854   J550

PAGE  03/03

d.   Elevator - The Property agrees to modify its elevator with a standard disability improvement package from the elevator service company.

e.   Drinking Fountain - The Property agrees to remove all drinking fountains.

f.   Exterior Door Handles - The Property agrees to add lever handles on all exterior office doors, the unisex disabled bathroom and emergency exits with knob hardware.

2.   Within three (3) days after Defendant receives (by fax or by U.S. mail) the signed Notice of Dismissal from Plaintiffs or this Settlement Agreement executed by Plaintiffs (which ever occurs first), Defendant will pay $3,000.00 to Plaintiffs for their fees and costs, payable to "Lawrence J. McGuinness, P.A. Trust Account." Such fees and costs include any subsequent compliance inspection and any assistance in the implementation of 1(a)-(f) above.

3.   The parties agree to keep the terms and conditions of this settlement confidential.

The settlement fees and costs will not be disbursed until the Court enters an Order dismissing the Lawsuit. This Settlement Agreement can be executed in counter-parts by the parties and shall be enforceable if so executed.

After having read the above with advice of counsel, Plaintiffs and Defendant agree to the above-stated terms and conditions of this Settlement Agreement and that the signatories to this Settlement Agreement are fully authorized to bind themselves and/or the applicable organizations that they represent.

For DEFENDANT 4011 PROF.                 For ADVOCATING DISABILITY
CENTER CONDO., INC.                      RIGHTS, INC. & C. WILSON

By: _____                    By: _____
    05/1 7, 2002

-2-

LAWRENCE J. McGUINNESS, P.A., 782 N.W. La Jeune Road, Suite 350, Miami, Florida 33126

FROM : RVD ARCHITECT INC.                      PHONE NO. : 3058844113            Jul. 14 2003 09:09AM P2

# RVD Architect Inc.                      AA 26000549

4471 N.W. 36 Street, Suite 239, Miami Springs, FL 33166   305.884.8512  Fax 305.884.4113

February 10, 2003

Existing Office Building.
Condominium Association.
4011 West Flagler Street
Miami, Florida 33134

### Re: Existing Office Building at the address mentioned above.

Dear Condominium Association;

Following is a proposal for basic architectural services for the interior renovation and addition
to the existing office building as per RVD architect Inc. preliminary design drawings approved
by the 4011 west Flagler Street Condominium Association.

### Scope of work:

The scope of work includes architectural, M.E.P. and structural engineering  plans for the project
mentioned above., Existing office building to remain not part of this contract. **The Existing office
building is not in compliance with the latest requirements for parking and Landscape
Codes and regulations.**

### Not included under this contract are the following:

a. Landscape and Civil Engineering design.(existing parking lot to remain undisturbed. U.O.N.)
b. Fire protection Engineering. (The addition of an sprinkler head at each new lobby only, the
existing pipe water pressure to take the new load.)
c. Topographic, boundary survey, soils and percolation tests, etc.
d. Permitting fees, process.
e. Inspections. (Will be provided at a rate of $85.00/hr [min. of 2 hrs. per inspection].)
f. As-built drawings for C.O. final permit.
g. Book specifications. (All specifications will be shown on plans.)
h. Parking lighting design. (existing to remain.)
i. Construction Supervision or contract administration.

### Additional services:

Additional services shall be billed at an hourly rate and shall include the following:

| | |
|---|---|
| Architect | $ 85.00/Hour |
| Engineer | $ 85.00/Hour |
| CADD Technician | $ 50.00/Hour |
| Clerical | $ 35.00/Hour |

1



EXHIBIT "B"

FROM : RJD ARCHITECT INC.          PHONE NO. : 3058844113          Jul. 14 2003 09:40AM P3

a. Consultation and design regarding matters of unforeseen, unpredictable existing conditions.

b. Changes requested by the owner after approval of any detailed layout and which shall require additional work.

c. Zoning board appearances or meeting with building and zoning department.

### Fees:

The fee for the above mentioned scope of work shall be a **Lump Sum Fee of $ 21,000.00** (Twenty one thousand dollars) and shall be paid as follows:

### Progress payments:

Progress payments for Basic Services in each phase shall total the following percentages of the total Basic Compensation payable.

a. Schematic Design Phase: Twenty (Retainer)...................................percent ( 20% ) $4,200.00
b. Design Development Phase: Twenty ...............................................percent ( 30% ) $6,300.00
c. Construction Document: (50% Completion) Forty...................percent ( 40% ) $8,400.00
c. Construction Document Phase:(100% Completion)Twenty .........percent ( 10% ) $2,100.00

..............................................................................................................................
Total Basic Compensation                          one hundred percent (100% )

Payments are due and payable upon receipt of invoice.

You agree to pay for all reimbursable expenses, which includes reproduction cost, couriers and delivers.

### Termination:

The Owner or Architect may terminate the contract upon written notice, If the contract is terminated then all fees, costs and reimbursable expenses will be paid to the Architect, for work performed to date, within 7 workdays from the termination.
Termination of this contract must be made in writing.

### General conditions:

1. The scope of work may be modified or expanded in which case a new letter of agreement will be executed so that there is a mutually clear understanding, of responsibilities. This may be waived and an hourly rate will be applied to cover the additional services.

2. Should architect be forced to engage council to collect any amount due under this agreement, owner shall be responsible and agree to pay for any of those expenses as well as any cost incurred.

3. Any invoices that are not paid within thirty days of said billing date will earn interest at a rate of one and one half percent per month.

2

FROM : RJD ARCHITECT INC.          PHONE NO. : 3058844113          Jul. 14 2003 09:10AM P4

4. Architects construction drawings, design and specifications, as provided under this agreement shall remain the architects property until such time as all bills and and invoices have been paid in full.

5. Any claims against the architect or resulting from a dispute between the owner and architect shall not exceed and amount proportional to, nor greater than the architects compensation for work performed, and shall be resolved by means of arbitration, and such decision shall be final.

6. The original drawings will remain the property of the architect.

7. The architect shall have the right to post a job site sign on the construction site for the duration of construction.

8. The owner agrees that this set of plans and design is to be used solely at the proposed site location only and is not to be sold or transferred to any other person.

9. If this proposal is not accepted and signed within 30 days of issue date, it will be held invalid.

If this proposal meets with the approval, please sign and return one copy. I shall proceed with the development of your project as outlined.

Thank you,                              Accepted:


Ramon Valdes-Denis                      _____        _____
Architect                               Condominium Association             Date
                                        Owner




3

# RVD ARCHITECT INC.                                    AR0015100

4471 N.W. 36th Street, Suite 239                      305.884.8512
Miami Spgs, FL 33166                                  305.513.7176 (cell)

**INVOICE NUMBER:**     200304-01

**DATE:**               March 28, 2003

**CLIENT:**             Condominium Association.
                        4011 West Flagler Street
                        Miami, Florida 33134

**PROJECT:**            New addition at the above mentioned address.

**DESCRIPTION:**        Final, Fees, Item b.
                        As per our Signed Contract.

**FEES:**               Final.......................................... $ 1,500.00
                        Reproduction Cost
                           14 sheets 24" x 36" (bond) x $1.45 ea. = $    20.30
                           Dolphin Digital                          $    24.27
                                                                   ─────────────
                                                                   $ 1,544.67

**TOTAL DUE:**          $ 1,544.67


Bill for professional architectural services rendered for the above mentioned project.

If you have any questions, please fell free to call.


### THANK YOU FOR YOUR BUSINESS!

DATE DUE _____

REMITTER: 4011 PROFESSIONAL CENTER.    VENDOR # _____

PAY TO THE ORDER OF: _RVD ARCHITECT INC_
_MIAMI SPRING OFF PLAZA_
_4471 N.W. 36 STREET SUITE 239_
_MIAMI SPRINGS, FL. 33166_

DESCRIPTION: _____

CHECK AMOUNT $ _1544.67_

REQUESTED BY: _____

JOURNAL # _4264_

APROVED BY: _✓_

CHECK NUMBER: _____

CHECK DATE: _____

| INVOICE# | DESCRIPTION | TOTAL | PROP | GL# |
|----------|-------------|-------|------|-----|
| 200304-01 | FINAL FEES | 1544.67 | 4011 | 528 |

| 4011 PROFESSIONAL CENTER | Check Date: 05/21/2003 | Check Amount: | 1,544.67 Check No: | 3093 |
|---|---|---|---|---|
| Property Name | Invoice No. | Description | Acct | Amount |
| 4011 PROFESSIONAL CENTER | 200304-01 | FINAL FEES | 528 | 1,544.67 |
| Payee Name: RVD ARCHITECT INC. | | Account Ref # : | | |

DAT DUE _____

REMITTER: 4011 PROFESSIONAL CENTER      VENDOR # _____

PAY TO THE ORDER OF: *RVD ARCHITECT INC.*
*MIAMI SPRING OFF PLAZA*
*4471 N.W. 36TH STREET, SUITE 229*
*MIAMI SPRINGS, FL. 33166*

DESCRIPTION: _____

CHECK AMOUNT $ *1500.00*

REQUESTED BY: _____    JOURNAL # _____

APPROVED BY: _____

CHECK NUMBER: _____    CHECK DATE: _____

| NVOICE# | DESCRIPTION | TOTAL | PROP. | GL # |
|---------|-------------|-------|-------|------|
| AA26000549 | RETAINER | 1500.00 | 4081 | 528 |

| 4011 PROFESSIONAL CENTER | Check Date: 02/17/2003 | Check Amount: | 1,500.00 Check No: | 3036 | | |
|---|---|---|---|---|---|---|
| Property Name | Invoice No. | Description | | Acct | Amount | |
| 4011 PROFESSIONAL CENTER | AA2600549 | RETAINER | | 528 | 1,500.00 | |
| Payee Name: RVD ARCHITECT INC. | | | Account Ref # : | | | |

FROM : RVD ARCHITECTS INC.          PHONE NO. : 3058844113          Feb. 10 2003 01:06PM P1

# RVD Architect Inc.                    AA 26000549

Miami Springs Office Plaza

4471 N.W. 36th Street, Suite 239

Miami Springs, FL 33166

## FAX COVER SHEET

DATE: 2.10.03                          TIME: 1-05 pm

TO: Condominium Association           PHONE:

Att: Edy Guenna                       FAX: 305-643-0447

FROM:   Ramon Valdes-Denis            PHONE: 305.884.8512
                                      FAX:   305.884.4113

RE: 4011 West Flagler St. Office Building.

CC:

Number of pages including cover sheet: 4

Message

Attached please find An architectural proposal.

Thanks for

PHONE NO. : 3058844113          Feb. 10 2003 01:07PM P2

1 : RVD ARCHITECTS INC.

# RVD Architect Inc.

AA 26000549

4471 N.W. 36 Street, Suite 239, Miami Springs, FL 33166   305.884.8512   Fax 305.884.4113

February 10, 2003

Existing Office Building.
Condominium Association.
4011 West Flagler Street
Miami, Florida 33134

Dear Condominium Association:

First of all, I would like to express my sincere gratitude for allowing my firm the opportunity to submit an Architectural fee proposal for the referenced project.

### Scope of Work

The scope of work includes preliminary Design drawings to enhance the front façade of the existing office building as per our meeting last Friday the 7th and to comply with the Settlement agreement for ADA title III claims, items 1-a,b,c and d.. Once we determine the exact scope of construction, we will provide you with a basic compensation (working drawings.) proposal between owner and architect.

### List of drawings:

1- Partial site plan showing new front approach to the existing building.
2- Partial floor plans showing new lobbies with new elevator and an ADA unisex bathroom on the floor of our choice.
3- South building elevation with new design and partial West and East building elevations showing front of the existing building with new design.

### Additional services:

Additional services shall be billed at an hourly rate and shall include the following:

| | |
|---|---|
| Architect | $ 85.00/Hour |
| Engineer | $ 85.00/Hour |
| CADD Technician | $ 50.00/Hour |
| Clerical | $ 35.00/Hour |

a. Consultation and design regarding matters of unforeseen, unpredictable existing conditions.
b. Changes requested by the owner after approval of any detailed layout and which shall require additional work.
c. Zoning board appearances or meeting with building and zoning department.

1

FROM : RVD ARCHITECTS INC.          PHONE NO. : 3058844113          Feb. 10 2003 01:07PM P3

## Fees:

The fee for the above mentioned scope of work shall be a **Lump Sum Fee of $ 3,000.00** (Three thousand dollars) and shall be paid as follows:

## Progress payments:

Progress payments for Basic Services in each phase shall total the following percentages of the total Basic Compensation payable.

a. Retainer (50%)................................................................................ $  1,500.00
b. Final    (100%)............................................................................$  1,500.00
Total Basic Compensation                              one hundred percent (100% )

You agree to pay for all reimbursable expenses, which includes reproduction cost, couriers and delivers.

## Termination:

The Owner or Architect may terminate the contract upon written notice. If the contract is terminated then all fees, costs and reimbursable expenses will be paid to the Architect, for work performed to date, within 7 workdays from the termination.
Termination of this contract must be made in writing.

## General conditions:

1. The scope of work may be modified or expanded in which case a new letter of agreement will be executed so that there is a mutually clear understanding of responsibilities. This may be waived and an hourly rate will be applied to cover the additional services.
2. Should architect be forced to engage council to collect any amount due under this agreement, owner shall be responsible and agree to pay for any of those expenses as well as any cost incurred.
3. Any invoices that are not paid within thirty days of said billing date will earn interest at a rate of one and one half percent per month.
4. Architects construction drawings, design and specifications, as provided under this agreement shall remain the architects property until such time as all bills and and invoices have been paid in full.
5. Any claims against the architect or resulting from a dispute between the owner and architect shall not exceed and amount proportional to, or greater than the architects compensation for work performed, and shall be resolved by means of arbitration, and such decision shall be final.
6. The original drawings will remain the property of the architect.
7. The architect shall have the right to post a job site sign on the construction site for the duration of construction.
8. The owner agrees that this set of plans and design is to be used solely at the proposed site location only and is not to be sold or transferred to any other person.

FROM : RUD ARCHITECTS INC.                    PHONE NO. : 3058844113              Feb. 10 2003 01:08PM P4

9. If this proposal is not accepted and signed within 30 days of issue date, it will
   be held invalid.
If this proposal meets with the approval, please sign and return one copy. I shall proceed
with the development of your project as outlined.

Thank you                              Accepted:

Ramon Valdes-Denis                     Condominium Association        02/18/2003
Architect                              Owner                          Date

DATE DUE _____

REMITTER: 4011 PROFESSIONAL CENTER.          VENDOR # _____

PAY TO THE ORDER OF: *RVD ARCHITECT INC*
*MIAMI SPRING OFF. PLAZA*
*4471 N.W. 36 ST SUITE # 239*
*MIAMI SPRINGS, FL. 83166*

DESCRIPTION: *Schematic Design Phase - 20%*

CHECK AMOUNT $ *4,200*

REQUESTED BY: _____          JOURNAL # *4384*

APROVED BY: _____

CHECK NUMBER: _____          CHECK DATE: *08/11/03*

| INVOICE# | DESCRIPTION | TOTAL | PROP | GL# |
|----------|-------------|-------|------|-----|
| *AA26000549* | *RETAINER* | *4,200* | *4011* | *523* |

| 4011 PROFESSIONAL CENTER | Check Date: 08/11/2003 | Check Amount: | | 4,200.00 Check No: | 3149 |
|--------------------------|------------------------|---------------|------|--------------------|------|
| Property Name | Invoice No. | Description | Acct | Amount | |
| 4011 PROFESSIONAL CENTER | AA26000549 | RETAINER | 523 | 4,200.00 | |
| Payee Name: RVD ATCHITECT INC. | | | Account Ref # : | | |

# RVD ARCHITECT INC.

AR26000549

4471 N.W. 36th Street, Suite 239
Miami Spgs, FL 33166

305.884.8512
305.513.7176 (cell)

**INVOICE NUMBER:**  20304-02

**DATE:**  January 7, 2004

**CLIENT:**  Existing Office Building
Condominium Association
4011 West Flagler Street
Miami, FL  33134

**PROJECT:**  New addition at the above mentioned address.

**DESCRIPTION:**  Design Development Phase, Fees, Item b.
Construction Document, Fees, Items c.
As per our Signed Contract.

**FEES:**  Design Development Phase……………………..$  6,300.00
Construction Documents……………………..$ 10,500.00
Reproduction Cost
    123 sheets 24" x 36" (bond) x $1.45 ea.= $    178.35
    Dolphin Digital                            $    104.58 (see attached)
    Metro-Miami (Courier)                      $     30.00 (see attached)

    $17,112.93
    – $2100.00
    $15012.93

**TOTAL DUE:**  $ 17,112.93

Bill for professional architectural services rendered for the above mentioned project.

If you have any questions, please fell free to call.

## THANK YOU FOR YOUR BUSINESS!

# DOLPHIN DIGITAL



7350 N.W. 7 STREET
SUITE 102
MIAMI, FL 33126

# Invoice

| Date | Invoice # |
|------|-----------|
| 9/16/2003 | 14758 |

| Bill To | Ship To |
|---------|---------|
| RVD ARCHITECT<br>4471 N.W. 36 ST. # 239<br>MIAMI SPRINGS FL 33166 | RVD ARCHITECT<br>4471 N.W. 36 ST. # 239<br>MIAMI SPRINGS FL 33166 |

| P.O. Number | Terms | Ship | Via | Project/Job | Order By |
|-------------|-------|------|-----|-------------|----------|
| | Net 30 | 9/16/2003 | Courier | Flager 4011 | Ramon |

| Quantity | Item Code | Description | Price Each | Amount |
|----------|-----------|-------------|------------|--------|
| 14 | 243609 | Digital bond 24 X 36 | 0.54 | 7.56T |
| | | Sales Tax | 7.00% | 0.53 |

Thank you For Your Business
Tel: 305-266-8205  Fax: 305-266-8212  E-MAIL: dolphinplot@aol.com

| Total | $8.09 |
|-------|-------|

# DOLPHIN DIGITAL

7350 N.W. 7 STREET
SUITE 102
MIAMI, FL 33126



# Invoice

| Date | Invoice # |
|---|---|
| 11/5/2003 | 15709 |

| Bill To | Ship To |
|---|---|
| RVD ARCHITECT<br>4471 N.W. 36 ST. # 239<br>MIAMI SPRINGS FL 33166 | RVD ARCHITECT<br>4471 N.W. 36 ST. # 239<br>MIAMI SPRINGS FL 33166 |

| P.O. Number | Terms | Ship | Via | Project/Job | Order By |
|---|---|---|---|---|---|
|  | Net 30 | 11/5/2003 | Courier | 4011 West | Ramon |

| Quantity | Item Code | Description | Price Each | Amount |
|---|---|---|---|---|
| 36 | 182412 | Digital Print 18 X 24<br>Sales Tax | 0.45<br>7.00% | 16.20T<br>1.13 |

*Existing set*

Thank you For Your Business
Tel: 305-266-8205   Fax: 305-266-8212   E-MAIL: dolphind@fdn.com

| Total | $17.33 |
|---|---|

# DOLPHIN DIGITAL

7350 N.W. 7 STREET
SUITE 102
MIAMI, FL 33126



# Invoice

| Date | Invoice # |
|------|-----------|
| 10/28/2003 | 15555 |

| Bill To | Ship To |
|---------|---------|
| RVD ARCHITECT<br>4471 N.W. 36 ST. # 239<br>MIAMI SPRINGS FL 33166 | RVD ARCHITECT<br>4471 N.W. 36 ST. # 239<br>MIAMI SPRINGS FL 33166 |

| P.O. Number | Terms | Ship | Via | Project/Job | Order By |
|-------------|-------|------|-----|-------------|----------|
| | Net 30 | 10/28/2003 | Courier | 4011WestFlage | Viviana |

| Quantity | Item Code | Description | Price Each | Amount |
|----------|-----------|-------------|------------|--------|
| 13 | 243609 | Digital bond 24 X 36<br>Sales Tax | 0.54<br>7.00% | 7.02T<br>0.49 |

Thank you For Your Business
Tel: 305-266-8205   Fax: 305-266-8212  E-MAIL: dolphind@fdn.com

| Total | $7.51 |
|-------|-------|

# DOLPHIN DIGITAL

7350 N.W. 7 STREET
SUITE 102
MIAMI, FL 33126

# Invoice

| Date | Invoice # |
|------|-----------|
| 1/5/2004 | 16472 |

| Bill To | Ship To |
|---------|---------|
| RVD ARCHITECT<br>4471 N.W. 36 ST. # 239<br>MIAMI SPRINGS FL 33166 | RVD ARCHITECT<br>4471 N.W. 36 ST. # 239<br>MIAMI SPRINGS FL 33166 |

| P.O. Number | Terms | Ship | Via | Project/Job | Order By |
|-------------|-------|------|-----|-------------|----------|
| | Net 30 | 1/5/2004 | Coust P/U | 40 WEST FLAGE | |

| Quantity | Item Code | Description | Price Each | Amount |
|----------|-----------|-------------|------------|--------|
| 124 | 243609 | Digital bond 24 X 36<br>Sales Tax | 0.54<br>7.00% | 66.96T<br>4.69 |

4611 W. Flagler

| | Total | $71.65 |
|--|-------|--------|

Business

*Metro Mia...*   GUSTAVO

**Courier Express**
Suite - 241
Miami Springs - FL 33166
Tel.: (305) 885-7616

N⁰ 1085

## ORDER

CUSTOMER: R V D   11 05 03 10 30

Address: 4471 NW 36 ST   Suite: 239   City: Miami

Zip Code: 33166   Ordered by: _____   Phone: _____

## PICK UP IN

Company: _____   03

Address: _____

Zip Code: _____ At: _____   Suite: _____ City: _____

Phone: _____

## DELIVERY TO

Company: FRANK CUELLO ENGINEERS   11 05 03

Address: _____

Zip Code: _____ At: _____   Suite: _____ City: _____

Phone: _____

## INSTRUCTIONS OR DETAILS

4011 WEST Flagler
Paid $2870
check # 2870

| CHARGES | |
|---|---|
| Standard Service | 15 |
| R/T | |
| Emergency 50 % | |
| After 5:00 pm 60% | |
| Satur/Sun/Holiday 100% | |
| Cancel. Of Service 50% | |
| Waiting Time $0.27 X | |
| Weight Lbs | |
| Pieces | 1 |
| Boxes | |
| Envelope | |
| **TOTAL CHARGES** | 15 |

Received in Good Condition:

Signature: _____
Print: C. Cuello

Authoritative for:

Signature: _____
Print: _____

**Metro Miami**
Courier Express

4471 NW 36 St - Suite 241
Miami Springs - FL 33166
Tel.: (305) 885-7616

N⁰ .1091

**ORDER**

CUSTOMER : _RVJ_    11 05 03 10 30

Address : _4471 NW 36 ST_    Suite : _239_   City : _MIAMI_

Zip Code: _33166_   Ordered by: _____   Phone: _____

**PICK UP IN**

| | | 03 | | | AM |

Company: _____

Address : _____   Suite : _____   City : _____

Zip Code: _____   At: _____   Phone: _____

**DELIVERY TO**

11 05 03

Company: _FRANK CUELLO ENGINEERS_

Address : _____   Suite : _____   City : _____

Zip Code: _____   At: _____   Phone: _____

**INSTRUCTIONS OR DETAILS**

| | CHARGES | | |
|---|---|---|---|
| Standard Service | | | 15 ² |
| R/T | | | |
| Emergency 50 % | | | |
| After 5:00 pm 60% | | | |
| Satur/Sun/Holiday 100% | | | |
| Cancel. Of Service 50% | | | |
| Waiting Time $0.27 X | | | |
| Weight Lbs | | | |
| Pieces | | | |
| Boxes | | | |
| Envelope | | | |
| **TOTAL CHARGES** | | | 15 ² |

Received In Good Condition :

Signature: _____

Print: _____

Authoritative for :

Signature: _____

Print: _____

DATE C

REMITTER: <u>4011 PROFESSIONAL  CENTER.</u>          VENDOR # _____

PAY TO THE ORDER OF: *RVD  ARCHITECT INC*
                           *4471  N W  36 ST.*
                           *SUITE 239*
                           *MIAMI Spring, Fl, 33166*

DESCRIPTION: _____

                               CHECK AMOUNT $ *15012.93*

REQUESTED BY: _____          JOURNAL # _____

APROVED BY: _____

CHECK NUMBER: _____          CHECK DATE: _____

| INVOICE# | DESCRIPTION | TOTAL | PROP | GL# |
|---|---|---|---|---|
| *2030402* | *NEW  ADDITION* | *15012.93* | *4011* | *162* |

---

| 4011 PROFESSIONAL CENTER | Check Date: 02/16/2004 | Check Amount: | 15,012.93 Check No.: | | 3272 |
|---|---|---|---|---|---|
| Property Name | Invoice No | Description | | Acct | Amount |
| 4011 PROFESSIONAL CENTER | 20304-02 | NEW ADDITION | | 162 | 15,012.93 |

Payee Name: RVD ARCHITECT INC.

Account Ref # :

FROM : RVD ARCHITECT INC.          PHONE NO. : 3058844113          Jul. 14 2003 09:09AM P1

*Send To Rolandos Directo 07/14/03*

## RVD Architect Inc.

Miami Springs Office Plaza

4471 N.W. 36th Street, Suite 239

Miami Springs, FL 33166

AA26000549

### FAX COVER SHEET

DATE: *07/14/03*                    TIME: *9:00 AM*

TO: *MR. ROLANDO VELASCO*       PHONE: *(305) 649-1142*

                                    FAX: *(305) 649-0522*

FROM:   Ramon Valdes-Denis        PHONE: 305.884.8512
                                    FAX:    305.884.4113

RE: */CONTRACT # AA 26000549./*
CC: *(4011 WEST FLAGLER ST., OFFICE BUILDING)*
    *SENDING COPY by MAIL*

Number of pages including cover sheet:

Message *RVD*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 01-5154-CIV-HIGHSMITH



FILED by ___ D.C.

15

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

ADVOCATING DISABILITY RIGHTS,
INC. and CARLISLE WILSON,

     Plaintiffs,

v.

4011 PROFESSIONAL CENTER
CONDOMINIUM, INC.,

     Defendant.

_____/

## OMNIBUS ORDER

THIS CAUSE is before the Court upon Plaintiffs' Motion to Enforce Settlement

Agreement ("Plaintiffs' Motion")(DE #8) and Defendant's Unopposed Motion for Enlargement of

Time to Respond to Plaintiffs' Motion to Enforce Settlement Agreement ("Defendant's

Motion")(DE #11). For the reasons that follow, Plaintiffs' Motion is DENIED and Defendant's

Motion is DENIED AS MOOT.

Plaintiffs contend that Defendant has failed to abide by the settlement agreement it entered

into with Plaintiffs on May 17, 2002. Defendant correctly notes that pursuant to the terms of the

settlement agreement, Defendant has until May 17, 2004 (or some greater period if needed due to

permitting issues) to make the required alterations and/or improvements to the property.

Defendant contends that it has been diligently working on making the necessary alterations to

bring its building into compliance with the Americans with Disabilities Act and the settlement

agreement.

Rec'd in MIA Dkt   4/19/04

EXHIBIT
5

Because the settlement agreement provides that Defendant shall have until May 17, 2004 to make the required alterations and/or improvements to the property, Plaintiff's Motion is premature and is therefore DENIED. Additionally, Defendant's Motion is DENIED AS MOOT.

DONE AND ORDERED in Chambers, at Miami, Miami-Dade County, Florida, this __15__ day of April, 2004.

SHELBY HIGHSMITH
UNITED STATES DISTRICT JUDGE

cc:    Counsel of Record

-2-



ATLAS SAFETY & SECURITY DESIGN, INC.

December 3, 2007

Lawrence J. McGuinness P.A.
5805 Blue Lagoon Drive Suite 145
Miami, Fl. 33126-2019

RE: Vazquez versus 4011 Professional Center Inc.

Dear Mr. McGuinness:

I have been retained as an architectural and accessibility compliance expert
to review the case of Ms. Vazquez who fell down a ramp in the 4011 West
Flagler Street building on March 12, 2007. The Defendant had been
previously sued by Advocating Disability Rights Inc. and had agreed to
modify and repair the building to comply with the Americans With Disabilities
Act. Title III, in May 17, 2002. As part of that 2002 settlement agreement
the Defendant had two years to make the necessary alterations and
improvements to the parking lot and providing proper handicapped spaces,
modifying the building entrance with a proper ramp or lift, and modification
of the bathrooms, elevator, drinking fountains, and door handles.

The architecture firm of Ramon Valdez-Denis Architect Inc. drew up plans
and sealed them in December of 2003. In December 2004, the City of Miami
and Miami Dade County reviewed and approved the drawings for code
compliance. Since that point in time, no alterations or improvements have
been made to bring the building in compliance with the 2002 Settlement
Agreement, or compliance with the South Florida Building Code, State of
Florida Accessibility Act Chapter 553, and Title III of the Americans With
Disabilities Act. There is no indication that the building is under construction
or alteration to remedy these defects as of December 2007.

I conducted a site inspection of the property on September 17, 2007 and
November 16, 2007. As of the time of my inspections, there have been no
modifications, alterations, or improvements to making the 4011 West Flagler
Building, compliant with handicap accessibility requirements. Not only is this
a violation of the Settlement Agreement, but a violation of county, state and
federal code and law.

The ramp at which Ms. Vazquez fell is 32 inches wide and ten feet three
inches long. The slope of the ramp varies between 14 – 18.5% slope. At the

EXHIBIT 1

end of the ramp, the parking asphalt slopes 10% from the parking lot to the ramp edge. By code, only a maximum 5% slope is allowed. The slope is between 3-4 times the allowed slope by law. In addition, the handrails did not comply, and the doorway to the ramp was only 29 inches clear width (a minimum of 32 inches is required). The friction strips shown in photographs were added after the accident. The grey painted concrete is worn smooth in the middle of the entrance/exit ramp from use and wear and tear.

 

When I conducted a coefficient of friction (COF) test on the painted ramp surface in the middle area where Ms. Vazquez fell, the Polyvinyl Rubber sole test dry came in at an average COF of 0.475, and wet at 0.425. The Leather sole test was 0.49 dry and 0.45 wet. The national standard of care for slip resistance is a coefficient of friction above 0.5. The ADA recommends a COF of at least 0.6 for accessible routes and 0.8 for ramps.

 

The building entrance still is in disrepair and non-compliance with code and the settlement agreement. The pressure to open the stairwell, hallway, and bathrooms doors are greater than is allowed by the ADA. The elevator is still non-complaint, and all of the bathrooms are non-compliant with level changes, non-complaint fixtures, and non-compliant heights of devices.







The owners of the 4011 Professional Building have demonstrated a total blatant disregard for compliance with the lawsuit, and National, state and local governmental regulations, that require our built environment be fully handicap accessible after 1994.  Had the owners complied with the 2002 settlement agreement, and implemented the recommended design changes Ramon Valdez-Denis Architects in 2003, the dangerous ramp would have been removed and the remodeled, so as not to be a site for an accident of Ms. Vazquez in March of 2007.

Respectfully yours,

Randall Atlas Ph.D.,AIA,CPP

## SWORN STATEMENT

1.   I have personal knowledge of the matters asserted in this
statement and that this statement is voluntarily provided by me
without force, coercion or with the expectation of a reward of any
kind from anyone.

2.   I WORKED IN THE 4011 BUILDING FOR 12 YEARS.
I WAS FIRED WITHOUT REASON LATER I FOUND OUT JORGE ARMADA +
EDDY GUERRA TOLD THE UNEMPLOYMENT IT WAS FOR MIS CONDUCT,
THE WHICH WAS NOT TRUE. THE TRUE REASON IS THAT I WAS FRIENDS
WITH MRS. VAZQUEZ & HER DAUGHTER.

3.   I SAW A WOMAN FALL ON THE RAMP. I KNOW OF MORE THAN 5
PEOPLE WHO HAVE FALLEN ON THE RAMP. I SAW THAT SOMEONE HAD FALLEN ON THE
RAMP FROM A DISTANCE + WAS TOLD IT WAS MRS. VAZQUEZ BUT THE
RESCUE DID NOT LET ME SEE HER. MR. GUERRA + MR. ARMADA APPRO
ED ME + ASKED ME WHAT HAPPEND + I TOLD THEM I DIDN'T KNOW, BECAUSE
I WANTED TO CONSERVE MY JOB. LATER HOWEVER I TOLD THEM I
KNEW OF MRS. VAZQUEZ FALL + THAT I WAS SCARED BECAUSE THE
DIDN'T WANT ME TO ASSOCIATE WITH MRS. VAZQUEZ.

## VERIFICATION

Pursuant to §92.525(1)(b), Fla. Stat., and §1746, Title 28,
U.S.C.A., I hereby declare and state that I have read the foregoing
and that the facts are true and are give upon my personal knowledge
and that I make this declaration upon the penalty of perjury.


Humberto Armenteros
Print Name

## SWORN STATEMENT

1.   I have personal knowledge of the matters asserted in this statement and that this statement is voluntarily provided by me without force, coercion or with the expectation of a reward of any kind from anyone.

2.   THE RAMP IS EXTREMELY INCLINED & DANGEROUS. EVEN PEOPL WHO ARE NOT DISABELED HAVE DIFFICULTY CLIMING UP & DOWN TH' RAMP.

3.   MY PAY CHECK WAS ALWAYS SIGNED BY EDDY GUERRA. EDDY GUERRA KNOWS ME, MY NAME, LAST NAME, KNOWS ABOUT ALL THE REPAIRS OF THE BUILDING & ALL OF THE ACCOUNTING OF THE BUILDING.

## VERIFICATION

Pursuant to §92.525(1)(b), Fla. Stat., and §1746, Title 28, U.S.C.A., I hereby declare and state that I have read the foregoing and that the facts are true and are give upon my personal knowledge and that I make this declaration upon the penalty of perjury.

Humberto Armenteros

HUMBERTO ARMENTEROS
Print Name

## SWORN STATEMENT

1.    I have personal knowledge of the matters asserted in this statement and that this statement is voluntarily provided by me without force, coercion or with the expectation of a reward of any kind from anyone.

2.    A CLIENT OF EDDY GUERRA ONE DAY PARKED IN ONE OF MRS. VAZQUEZ DAUGHTER (LOURDES VALDES) PARKING SPOTS & THE VEHICLE WAS TOWED, THIS IS THE REASON THE TRUE REASON WHY MR. GUERRA HAS RUINED LOURDES VALDES RELATIONSHIP WITH HER LANDLORD, HAVE MADE HER GET RID OF HER DOG, & TAKE HER CAMERA OFF.

3.    EDDY GUERRA REDUCED MY HOURS BECAUSE OF MY FRIENDSHIP WITH MRS. VAZQUEZ & HER DAUGHTER.

## VERIFICATION

Pursuant to §92.525(1)(b), Fla. Stat., and §1746, Title 28, U.S.C.A., I hereby declare and state that I have read the foregoing and that the facts are true and are give upon my personal knowledge and that I make this declaration upon the penalty of perjury.

HUMBERTO     ARMENTEROS
Print Name

## SWORN STATEMENT

    1.    I have personal knowledge of the matters asserted in this statement and that this statement is voluntarily provided by me without force, coercion or with the expectation of a reward of any kind from anyone.

    2.    I SLIPPED ON THE RAMP. THE RAMP IS NOT EVEN IN CONDITIONS TO BE UTILIZED BY ANY ONE EVEN NON-DISABELED PEOPLE. I SAW A WOMAN IN A WHEEL CHAIR UNABLE TO GO DOWN THE RAMP. I SAW HOW THE WOMANS GRANDAUGHTER HAD TO REMOVE HER SHOES TO WALK DOWN THE RAMP.

    3.    THE DOORS OF THE HANDICAPPED REST ROOM IS TOO HEAVY FOR EVEN A NON-DISABEL PERSON. THE BATHROOM KNOB BROKE & I WAS LOCKED IN. THE FLOOR IN THE BUILDING IS NOT LEVELED THE TILE IS BROKEN. THE STAIRS OUTSIDE HAVE A WHOLE IN IT. I CURRENTLY WORK IN THE 4011 W. FLAGLER BUILDIN

## VERIFICATION

    Pursuant to §92.525(1)(b), Fla. Stat., and §1746, Title 28, U.S.C.A., I hereby declare and state that I have read the foregoing and that the facts are true and are give upon my personal knowledge and that I make this declaration upon the penalty of perjury.

_MARIANA GARCIA_
Print Name